# IN THE COURT OF APPEALS OF IOWA

No. 18-1412
Filed October 10, 2018

**IN THE INTEREST OF A.M., A.M., E.M., and I.M.,**
**Minor Children,**

**N.S., Mother,**
 Appellant,

**J.M., Father,**
 Appellant.
_____

 Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.


 The mother and father appeal the termination of their parental rights with

regards to their four children. **AFFIRMED ON BOTH APPEALS**.


 Mark A. Milder of Mark Milder Law Firm, Waverly, for appellant mother.

 Nina M. Forcier of Forcier Law Office, PLLC, Waterloo, for appellant father.

 Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

 Melissa A. Anderson-Seeber of Waterloo Juvenile Public Defender Office,

Waterloo, guardian ad litem for minor children.


 Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

The mother and father separately appeal the termination of their parental rights to their minor children: A.M., born 2011; A.M., born 2012; E.M., born 2014; and I.M., born 2016. The father argues the children were not removed for the statutorily required time. Both argue additional time should have been afforded to work towards reunification. Because of the lack of progress by either parent in being able to safely parent these children, we find the State has proved the grounds for termination by clear and convincing evidence, additional time would not correct the deficiencies, and there is nothing hindering termination.

## I. Background Facts and Proceedings

The Iowa Department of Human Services (DHS) first took notice of this family in March 2016, when I.M. tested positive for methamphetamine at birth. The mother also tested positive for methamphetamine, the father admitted to using methamphetamine, and the other three children tested positive for ingestion of methamphetamine. The parents agreed to a three-month safety plan that included the following conditions: the parents would refrain from illegal drug use, the children would stay with their maternal grandparents, the parents would have no unsupervised contact with the children, and the parents would cooperate in the assessment process and random drug testing.

The children were returned to their parents after the three months. However, the children were removed on October 4, 2016, after the parents' drug test results were positive. The children again tested positive for methamphetamine.

After more than one year of services, a trial home placement began on August 8, 2017; on September 8, the children were returned to the parents' custody. However, on October 18, law enforcement arrived at the home and suspected the mother was under the influence of drugs. Law enforcement also noticed multiple bruises on I.M. in various stages of healing. The mother admitted to causing the injuries on I.M. by grabbing his face and arms, and the father admitted to knowing about the mother's violent tendencies without reporting such behavior. Both parents were charged with child endangerment, and no-contact orders were filed in November 2017.

Neither parent appeared for the criminal case hearings in February 2018, prompting warrants to issue for their arrest. About one month later, the parents were located, arrested, and incarcerated. Neither parent participated in any of the services offered following the October 2017 removal. At the May 17, 2018 termination hearing, both parents' parental rights were terminated under Iowa Code section 232.116(1)(f), (h), and (i) (2018). The mother and father appeal.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's finds of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *Id.*; *see* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order

4

parental rights terminated."). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

### III. Grounds for Termination

The father argues the State did not meet its burden of proving by clear and convincing evidence that the children were removed for the statutorily proscribed time under Iowa Code section 232.116(1)(f)(3) and (h)(3).[1] The father argues the two oldest children must be removed from the parents' custody for twelve consecutive months and any trial home placement must have been less than thirty days.[2] Iowa Code section 232.116(1)(f)[3] states termination is warranted if four conditions are met, one of which is the child must have been "removed from the

---

[1] The father additionally appeals the grounds for termination under subsection (i) of Iowa Code section 232.116(1). We find the State has met its burden of proving grounds for termination under Iowa Code section 232.116(1)(h) and (f). Because we may affirm on any ground supported by the record, we decline to discuss subsection (i). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

[2] The father also argues the time-removed requirement for the two youngest children was not met under Iowa Code section 232.116(1)(h) (2018). The father claims the time requirement under this subsection is twelve months as well, however, subsection (h) requires the child to have been "removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days." Iowa Code § 232.116(1)(h)(3). Nevertheless, the analysis in this section still applies because the children have only been in the parents' custody for a total of five months since March 3, 2016.

[3] Section (f) provides termination is warranted if,

The court finds that all of the following have occurred:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days." Therefore, the relevant statute provides for two methods of determining the time the child must have been removed.

In this case, the parents voluntarily consented to relative placement from March 3, 2016, until June 2016. The children were returned and remained in the parents' custody from June to October 4, 2016, when they were removed due to concerns of the parents' methamphetamine use. From October 4, 2016, until September 8, 2017, the court ordered DHS to have temporary care, custody, and control of the children, with a trial placement from August 8 to September 8. During this period, the children were again placed with relatives. The parents regained custody on September 8 until October 18, 2017, when law enforcement removed the children due to possible child abuse and concerns of the mother's relapse into drug use. It was again ordered that DHS have temporary custody of the children. The children have remained in relative placement since October 18, 2017. Since March 2016, the children have been in the parents' custody for approximately five months—from March 3 to June 2016 and from September 8 to October 18, 2017. Between March 3, 2016, and the date of the termination hearing on May 17, 2018, the children had been removed for approximately twenty-one months. Thus, the statutory time frames have been met. *See* Iowa Code § 232.116(1)(f), (h).[4]

---

[4] The mother does not contest the statutory grounds under Iowa Code section 232.116(1)(f), (h), or (i).

#### IV. Additional Time

Both parents argue the district court should have granted them additional time to work towards reunification. The mother claims an additional twelve months of services should have been provided. The mother further argues the State "jumped the gun in moving to termination" because substantial evidence was not provided to indicate the children were in need of permanency and the children were in relative placement. The father argues he could resume care of the children within six months and notes that he has a positive history of participating in services offered. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

In this case, the children's second removal from the parents' custody was for about eleven months—from October 4, 2016, to September 8, 2017. After this time, the children were returned to the parents' custody, but law enforcement had to remove the children again within forty days due to child abuse and illegal drug use by the parents. The father continues to struggle with drug use and has admitted to using methamphetamine before the children were returned to the parents' custody in September 2017. The father did not consistently participate in the services previously provided to him. He had a substance-abuse evaluation at one facility and was diagnosed with a moderate substance disorder, but he was discharged about a week later due to his failure to attend treatment. After the children were removed in October 2017, the parents ceased participating in offered or provided services and failed to take any further steps towards reunification with

the children.  A DHS worker testified at the termination hearing that termination is in the best interests of the children because "the parents have been given ample opportunities to address their substance abuse issues and while they did have a period of sobriety, it appears, through their own admissions, that it wasn't accurate and that they still were using at different times."

Furthermore, the father was aware of the mother's violent behaviors toward the children, and he failed to report or seek assistance with this matter.  After being charged with child endangerment, the parents failed to appear for their criminal case hearings and arrest warrants were issued.  After finally being located by police, the parents were incarcerated and remained incarcerated at the time of the termination hearing.  It was uncertain what the parents' futures were going to entail due to their criminal charges and lack of participation in services.  A DHS worker testified that additional time would not be helpful because the parents have "done absolutely nothing for the last seven months" and even if they were not incarcerated, she "believe[d] that they still wouldn't be doing anything."  "We will not gamble with a child's future by asking him [or her] to continuously wait for a stable biological parent, particularly at such a tender age."  *In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011).  Therefore, the record does not support the notion that additional time would extinguish the need for removal.  *See* Iowa Code § 232.104(2)(b).

## V. Nothing in the Record Precludes Termination

The mother and father claim the strong bond between the parents and the children and relative placement are exceptions that weigh against termination.  Once the State has proven grounds for termination exist, the parent resisting

termination bears the burden of proof to establish a permissive factor precludes termination under Iowa Code section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The father asserts that "[s]ince the children were placed with relatives, the court need not terminate the rights of the parents." "An appropriate determination to terminate a parent–child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). The mere fact that the children are placed with relatives is insufficient to meet the parents' burden of establishing the preclusion of termination under Iowa Code section 232.116(3)(a).

"A strong bond between parent and child is a special circumstance which mitigates against termination when the statutory grounds have been satisfied." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see* Iowa Code § 232.116(3)(c). However, this "is not an overriding consideration, but merely a factor to consider." *N.F.*, 579 N.W.2d at 341. At the time of the termination hearing, both parents were incarcerated and neither parent was capable of providing a safe and permanent home for the children. The bond between the parents and the children in this case is insufficient to preclude termination. *See* Iowa Code § 232.116(3)(c).

**VI. Conclusion**

We conclude the State proved by clear and convincing evidence the grounds for termination of both the mother's and father's parental rights. Based on the parents' lack of compliance with offered services, additional time was not

warranted, and neither any bond between the parents and the children nor the children's placement with relatives is sufficient to preclude termination.

**AFFIRMED ON BOTH APPEALS.**